Carroll,
June 25, 1943. } No. 3415.

### CLAYTON B. MONROE v. ARTHUR STERLING.

*Rolland R. Rasquin* and *Burt R. Cooper* (*Mr. Rasquin* orally), for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

MARBLE, J. "The question whether a new trial may be limited is one of law; but whether it shall be is matter of fact." *West* v. *Railroad*, 81 N. H. 522, 534. The case falls within the first of these rules. The theory advanced at the original trial (and argued here) was that the running board of the car struck the plaintiff and caused him to fall against the hinge of the door. The argument to this effect made by plaintiff's counsel to the jury was objected to as "absolutely unwarranted on any evidence in the case." The Presiding Justice allowed it to stand subject to exception. 487 Briefs & Cases, 688, 689. The theory thus advanced was held to be erroneous on the ground that the evidence was insufficient to support it. It was held on rehearing, however, that the defendant's motion for a directed verdict was properly denied, since the evidence warranted a finding of "instinctive action on the part of the plaintiff, due to sudden realization of impending danger." *Monroe* v. *Sterling, ante*, 11, 14. An error relating solely to damages was then discussed and a new trial ordered.

Through inadvertence no reference to the above-mentioned exception was made in the opinion on rehearing. But this did not mean that the theory advanced by plaintiff's counsel was justified. Indeed, the implication is quite to the contrary. The argument related to the issue of liability and may well have influenced the jury. In short, errors were committed at the original trial which affected not only the issue of damages but also that of liability. Both issues must be retried.

This conclusion makes it unnecessary to consider the defendant's exception to the denial of his motion for a new trial on the ground of newly discovered evidence.

*New trial.*

All concurred.